IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Willis Electric Co., Ltd., | Civil Case No. _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| Polygroup Limited (Macao Commercial Offshore), Polygroup Macau Limited (BVI), Polytree (H.K.) Co. Ltd., | |
| Defendant. | |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Willis Electric Co., Ltd., ("Willis Electric") for its complaint alleges as follows:

### **JURISDICTION, VENUE AND JOINDER**

1. This is an action for patent infringement arising under the patent laws of the United States, more particularly 35 U.S.C. §§ 271 and 281.

2. This Court has subject matter jurisdiction pursuant to 28 U.S. C. §§ 1331 and 1338(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b).

4. Joinder is proper under 35 U.S.C. § 299. Defendants are related business entities and/or affiliates. The allegations of infringement contained herein arise out of the same series of occurrences relating to the manufacture, use, import, sales and/or offering for sale of lighted artificial trees.

5. Questions of fact relating to the infringement are common to all Defendants.

## THE PARTIES AND BACKGROUND TO THE DISPUTE

6. Willis Electric is a company formed under the laws of the Republic of China. Willis Electric is a Taiwanese company with a principal place of business located at 8F, No. 310, Sec. 4, Zhongxiao E. Rd., Taipei 10694 Taiwan.

7. Upon information and belief, Polygroup Limited (Macao Commercial Offshore) ("Polygroup") is a company formed under the laws of the Macau Special Administration Region of the Peoples Republic of China with its principal place of business at Avenida Xian Xing Hai, Edificio Zhu 11, Andar M. Macau, Macau, China. Upon information and belief, Polygroup does business in the State of Minnesota and in this District, both generally and specifically, by offering to sell, selling, importing, and distributing lighted artificial trees containing patented Willis Electric inventions that are the subject of this action.

8. Upon information and belief, Polygroup Macau Limited (BVI) ("Polygroup BVI"), is a British Virgin Islands company with its principal place of business at Offshore Incorporations Centre, P.O. Box 957, Road Town, Tortola, British Virgin Islands. Upon information and belief, Polygroup BVI does business in the state of Minnesota, both generally and specifically, by offering to sell, selling, importing, and distributing lighted artificial trees containing patented Willis Electric inventions that are the subject of this action.

9. Upon information and belief, Polytree (H.K.) Co. Ltd. ("Polytree") is a company formed under the laws of the Hong Kong Special Administration Region of the Peoples Republic of China with a principal place of business at Rm 1406-08 14/F Austin Twr, Tsim Sha Tsui, Kowloon, Hong Kong, China. Upon information and belief, Polytree does business in the State of Minnesota and in this District, both generally and specifically, by offering to sell, selling, importing, and distributing lighted artificial trees containing patented Willis Electric inventions

that are the subject of this action. Polygroup, Polygroup BVI and Polytree are hereinafter referred to collectively as the "Polygroup defendants."

10. The Polygroup defendants enjoy a dominant position in the United States market for lighted artificial trees, with annual gross sales substantially greater than Willis Electric's sales in that market.

11. Formed in 1969, Willis Electric is a family-owned business currently headed by Johnny Chen.

12. In addition to lighted artificial trees, Willis Electric sells a variety of products to customers in the United States and other countries. Willis Electric's business has grown from its development of patented, new-generation improvements to lighted artificial trees.

13. Johnny Chen is an inventor and the President of Willis Electric. Mr. Chen perceived a benefit to consumers in providing lighted artificial trees with easy-to-assemble, modular trunk sections. After significant development effort, Mr. Chen began selling Willis Electric's modular lighted trees to the retail market in the fall of 2012.

14. Johnny Chen applied for, and ultimately was granted, United States Patent number 8,454,186 ("the '186 patent"). The '186 patent improves upon earlier lighted artificial tree designs, including by minimizing the handling of trunk sections and thereby facilitating easy assembly. Further, the '186 patent describes a modular, lighted artificial tree with trunk sections that couple reliably about a central, vertical axis. These mechanical connections facilitate electrical connection throughout the tree, powering light strings distributed over a plurality of branches on the trunk sections. A copy of the '186 patent is attached to this complaint as Exhibit A. Johnny Chen has assigned the '186 patent to Willis Electric.

15. Johnny Chen subsequently applied for and was granted United States Patent number 8,454,187 ("the '187 patent"), which also relates to lighted artificial trees, with claims more specifically described therein. A copy of the '187 patent is attached to this complaint as Exhibit B.

16. Johnny Chen has assigned the '187 patent to Willis Electric.

17. Johnny Chen subsequently applied for and was granted United States Patent number 8,936,379 ("the '379 patent"), which also relates to lighted artificial trees, with claims more specifically described therein. A copy of the '379 patent is attached to this complaint as Exhibit C.

18. Johnny Chen has assigned the '379 patent to Willis Electric.

19. Johnny Chen subsequently applied for and was granted United States Patent number 9,044,056 ("the '056 patent"), which also relates to lighted artificial trees, with claims more specifically described therein. A copy of the '056 patent is attached to this complaint as Exhibit D.

20. Johnny Chen has assigned the '056 patent to Willis Electric.

21. Willis Electric manufactures and distributes lighted artificial trees protected by its several patents through retail outlets throughout the United States, including retail outlets with store locations in the state of Minnesota.

22. The Polygroup defendants offered to sell, have sold, have imported, have distributed and continue to sell, import, and distribute lighted artificial trees that infringe the Willis Electric patents.

23. The Polygroup defendants distribute lighted artificial trees that infringe the Willis Electric patents throughout the United States through retail channels, including through retail outlets with store locations in the state of Minnesota.

24. Willis Electric, through its counsel, has written letters to the Polygroup defendants demanding that the Polygroup defendants immediately cease and desist their infringing activities and to contact Willis Electric to obtain appropriate licensing. The Polygroup defendants have not replied and have continued to manufacture and distribute infringing lighted artificial trees, including in Minnesota.

25. The Polygroup defendants have not negotiated to obtain a license and have continued to infringe. In fact, certain of the Polygroup defendants filed petitions seeking *inter partes* review of the '186 and '187 patents, alleging that these patents were wrongly granted in view of alleged prior art. The Patent Office dismissed these petitions and denied institution of trial after Willis Electric filed its Patent Owner Preliminary Responses, which pointed out deficiencies in the petitions, including deficiencies in the alleged prior art. Since, the Polygroup defendants have filed no further challenges to the '186 and '187 patents.

26. Other post-issue challenges to the '186 and '187 patents have been made and subsequently dismissed by the Patent Office. These included anonymous challenges alleging unpatentability of the '186 and '187 patents in *ex parte* reexaminations control nos. 90/020,073 and 90/020,074. Following these challenges the Patent Office confirmed all claims of the '186 and '187 patents as patentable. Currently, no post-issue proceeding against the '186, '187, '379, and '056 patents are pending.

## COUNT I – PATENT INFRINGEMENT

27. Willis Electric realleges the allegations in the preceding paragraphs as if fully restated in Count I of this Complaint.

28. Willis Electric is the assignee and owner of all right, title, and interest in United States Patent Nos. 8,454,186 ("the '186 patent"); 8,454,187 ("the '187 patent"); 8,936,379 ("the '379 patent"); and 9,044,056 ("the '056 patent").

29. Upon information and belief, Defendants have been and still are infringing, as well as knowingly contributing to and inducing infringement of, one or more claims of the '186, '187, '379, and '056 patents by making, using, selling and/or offering to sell in the United States lighted artificial trees containing features subject to the claims of the '186, '187, '379, and '056 patents.

30. Upon information and belief, Defendants' infringement of the '186, '187, '379, and '056 patents has been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

31. Willis Electric has been damaged by Defendants' infringement of the '186, '187, '379, and '056 patents. Unless restrained and enjoined by this Court, Defendants will continue to infringe the '186, '187, '379, and '056 patents resulting in substantial, continuing, and irreparable damage to Willis Electric.

32. Willis Electric has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '186, '187, '379, and '056 patents.

## DEMAND FOR JUDGMENT

WHEREFORE, Willis Electric demands judgment as follows:

A. That the '186, '187, '379, and '056 patents be adjudged valid and enforceable;

B. That Defendants be adjudged to have willfully and deliberately infringed the '186, '187, '379, and '056 patents;

C. That Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently restrained and enjoined from further infringement of the '186, '187, '379, '056 patents;

D. An accounting and an award of damages by virtue of Defendants' infringement of the '186, '187, '379, and '056 patents;

E. An award of treble damages because of Defendants' willful infringement of the '186, '187, '379, and '056 patents, in accordance with 35 U.S.C. § 284;

F. An assessment of prejudgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, all in accordance with 35 U.S.C. § 284;

G. That the present case be adjudged an "exceptional case" within the meaning of 35 U.S.C. § 285 and reasonable attorneys' fees be awarded to Willis Electric pursuant thereto; and

H. An award of such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Willis Electric hereby demands a trial by jury on all issues triable in the above action.

Dated: August 28, 2015                                  RABUSE LAW FIRM, P.A.

 *s/Dwight G. Rabuse*
Dwight G. Rabuse, #209429
527 Marquette Ave. S., Suite 1530
Minneapolis, MN 55402
(612) 843-3333 - phone
(612) 843-3330 - fax
dwight@rabuselaw.com


CHRISTENSEN FONDER P.A.
Douglas J. Christensen, #166741
33 South 6th Street, Suite 3950
Minneapolis, MN 55402
(612) 315-4102 - phone
(612) 315-4321 - fax
christensen@cfpatlaw.com

***ATTORNEYS FOR PLAINTIFF***