# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Willis Electric Co., Ltd.,                                   Case No. 15-cv-3443- WMW-KMM

                    Plaintiff,

                                                    **ORDER ON PLAINTIFF'S**
     v.                                             **MOTION TO LIFT STAY**

Polygroup Limited, *et al.*,

                    Defendants.

    This patent-infringement case has been stayed since November 3, 2016, when the Court entered an Order adopting the parties' Joint Stipulation to Stay Proceedings Pending *Inter Partes* Review (also known as "IPR"). [Stay Order (Nov. 3, 2016), ECF No. 61; Stipulation, ECF No. 57.] The Stay Order provided that any party could move to lift the stay or for reconsideration of the Stay Order during the pendency of the IPR. [Stay Order ("This order does not foreclose any party from filing motions to lift the stay or to reconsider this order during the pendency of *inter partes* review.").] The plaintiff, Willis Electric Group Co., Ltd. ("Willis"), has now filed a Motion to Lift the Stay. [Pl.'s Mot., ECF No. 77.] The defendants, Polygroup Limited (Macao Commerical Offshore), Polygroup Macau Limited (BVI), and Polytree (H.K) Co. Ltd. (collectively "Polygroup") oppose Willis' motion to lift the stay. The court held a hearing on the motion on April 5, 2018.

    Since the case was initially stayed, the IPR proceedings for the patents in suit have concluded. The Patent Trial and Appeal Board ("PTAB") has resolved the issues that were raised during IPR in Willis' favor. However, Polygroup notes the PTAB's decisions were accompanied by a written dissent, and Polygroup has appealed those decisions to the Federal Circuit. The parties are now in the midst of briefing Polygroup's appeals, which challenge the PTAB's construction of certain claim terms

in the patents, findings regarding various prior art references, and findings about non-obviousness.

The Court finds that the stay should not be lifted at this time for several reasons. First, at the time the parties stipulated to the stay, they agreed as follows: "the potential that the outcome of the IPR proceedings will eliminate, reduce, and/or simplify the issues before the Court, thus saving the resources of the Court and the parties, the parties hereby stipulate to a stay of this matter." [Stipulation at 2.] Though Willis largely prevailed in the IPR, the record does not demonstrate that this factor— likely simplification of the issues—has changed significantly as a result. Waiting to begin this litigation until the Federal Circuit resolves the appeal will be useful in simplifying and narrowing the issues. *See Novartis AG v. HEC Pharm Co. Ltd.*, 183 F. Supp. 3d 560, 562 (D. Del. 2016) (concluding that the Federal Circuit's decision in appeal from PTAB ruling that the patent in suit was invalid would likely simplify the issues whether upheld or modified); *Straight Path IP Gr., Inc. v. Verizon Comm'ns Inc.*, No. 16-cv-4236 (AJN), 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016) (concluding that simplification of the issues favored a stay pending resolution of appeal to the Federal Circuit where the appeal involved issues of claims construction and validity). Maintaining the stay through the pendency of the appeal will also help diminish the risk that the Court and the parties might waste resources litigating issues in this case that are also being resolved by the Federal Circuit. If the litigation moves forward with an understanding of the relevant issues based on today's status quo and the Federal Circuit alters that landscape significantly, the parties will have engaged in discovery and pretrial motion practice that then must be repeated or that did not need to take place at all

Second, though Willis asserts that the landscape of the market in which it and Polygroup compete has changed to its detriment during the period that the stay has been in effect, the Court is not persuaded that the undue prejudice factor has suddenly shifted in favor of moving forward with the litigation because the PTAB has issued a ruling. The record does not show that maintaining the stay for the pendency

of the appeal to the Federal Circuit will affect Willis' position in the market in ways that cannot be addressed by money damages. *See, e.g.*, *Oticon A/S v. GN Resound*, No. 15-cv-2066 (PJS/HB), 2015 WL 5752429, at *2 (D. Minn. Aug. 5, 2015) ("Money damages and, in appropriate cases, a permanent injunction, are ordinarily adequate to remedy the harm caused by infringement, including loss of sales and market share.").

Finally, the Court is not persuaded by Willis' argument that the Court's time won't be inefficiently expended if the stay is lifted now because the Federal Circuit would likely reach a decision regarding Polygroup's appeal before the Court is required to decide any issue of claim construction, rule on summary judgment, or hold a trial. However, as noted, litigating this case before the Federal Circuit rules on the appeal still creates a risk that the parties and the Court will expend significant resources litigating issues unnecessarily. Moreover, if Willis is correct that the Federal Circuit will complete its consideration of Polygroup's appeal as expeditiously as hoped, this comparatively modest additional delay attributable to the appeal will not itself result in undue prejudice. But if Willis' prediction about the speed with which the Federal Circuit will act is incorrect, then the litigation might reach a stage where the District Court is confronted with issues that the appellate court may be addressing at the same time. The most efficient present course is to maintain the stay until the Federal Circuit rules on the already-pending appeal and fully concludes the PTAB process.

For these reasons, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Lift the Stay **[ECF No. 77]** is **DENIED** at this time.


Date: April 24, 2018                              s/ *Katherine Menendez*
                                                  _____
                                                  Katherine Menendez
                                                  United States Magistrate Judge