UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Willis Electric Co., Ltd.,　　　　　　　　　　　Case No. 15-cv-3443-WMW-KMM

　　　　　　　Plaintiff,

　v.　　　　　　　　　　　　　　　　　　　ORDER ON PLAINTIFF'S
　　　　　　　　　　　　　　　　　　　　　MOTION TO LIFT STAY
Polygroup Limited, *et al.*,

　　　　　　　Defendants.

　　　　This patent-infringement case has been stayed since November 3, 2016, when the Court adopted the parties' stipulation for the case to be stayed pending IPR proceedings. [ECF No. 61.] On March 21, 2018, the Plaintiff, Willis Electric Group Co., Ltd. ("Willis"), filed a motion to lift the stay. [ECF No. 77.] The Court denied Willis's motion for several reasons: (1) waiting for resolution of the appeal from the IPR ruling that is pending at the Federal Circuit Court of Appeals will simplify and narrow the issues; (2) the Court was unpersuaded that Willis would suffer undue prejudice if the litigation remained stayed merely because PTAB issued a ruling largely in its favor; and (3) the expedited treatment of the appeal at the Federal Circuit did not favor allowing the case to go forward while that appeal remained pending. [ECF No. 103.] The District Court affirmed the decision leaving the stay in place on July 16, 2018. [ECF No. 108.]

　　　　This matter is again before the Court on a motion to lift the stay filed by Willis on September 4, 2018. [ECF No. 109.] The Court finds that none of the reasons Willis now offers in support of lifting the stay justify changing the Court's earlier decision, a decision that was affirmed just over two months ago. For the following reasons, Willis's motion to lift the stay is again denied.

1

First, Willis argues that the stay should be lifted because it learned of the death of a witness, Salvatore Puleo, Sr., after the Court's ruling on the earlier motion to lift the stay. Mr. Puleo founded National Tree Company, which is a competitor in the artificial tree business. Willis asserts that Mr. Puleo's company requested a license to the patents at issue in this case, supporting Willis's claim that it is entitled to damages for patent infringement. Willis suggests that continuing the stay will cause it undue prejudice and that urgent action is required because Willis will lose Mr. Puleo's emails or documentation related to its patents. The Court is not persuaded that the stay should be lifted due to Mr. Puleo's unfortunate death. Willis has conceded that Mr. Puleo's involvement in this case is tangential. Willis has not been able to confirm that Mr. Puleo, in fact, requested a license from Willis. [Alton Decl. ¶ 3 ("National Tree Company (I believe Salvatore himself, though this remains to be confirmed), requested a license to the patents-in-suit several years ago.").] Moreover, counsel for Willis confirmed that, despite the assertion of an urgent need for the Court to lift the stay so that Willis can preserve evidence relevant to its claims, Willis has not sent any demand to National Tree Company for a litigation hold.[1] Any genuine concerns related to the loss of Mr. Puleo's files could be allayed by this simple step.

Second, Willis argues that the Court should lift the stay now so that its motion to amend the complaint to add certain antitrust and other anti-competitive claims against Polygroup can be considered and those claims can get moving, even if the patent claims remain stayed. However, the Court finds that lifting the stay for consideration of the motion to amend or to allow the case to move forward on these claims alone will not promote efficient resolution of this proceeding. For one thing, some of Willis's proposed anti-competitive claims depend upon the assertion that Polygroup falsely claimed that Willis's patents were invalid. [Proposed Second Am. Compl. ¶¶ 85, 88–90, 95, 217–62,

---

[1] Counsel for Polygroup confirmed at the hearing that Polygroup would not object to Willis taking such a step while the stay is in place in this matter.

ECF No. 120.] Allowing such unlawful-competition claims to move forward alongside stayed patent claims will not promote efficiency, but will almost certainly require resolution of disputes about whether requested discovery is improperly related to the stayed claims. Moreover, the Federal Circuit will decide issues of patent validity in connection with the pending appeals. Having those issues fully resolved could shift the landscape of the unlawful-competition claims that are based on representations concerning the validity of Willis's patents.

More importantly, there is no indication that Willis has some pressing need to bring these claims immediately, and indeed, its conduct would suggest otherwise. Willis learned about the bases for these anti-competitive claims a significant time ago and considered adding them to related litigation in North Carolina more than a year ago. There is nothing "new" about these claims that would justify the Court lifting a stay which it fairly recently determined should remain in place.

Third, and finally, the Court finds that the status of the appellate proceedings before the Federal Circuit supports rather than undermines its decision to keep the stay in place at this time. Since the Court last rejected Willis's efforts to lift the stay, expedited handling of the related appeal has been granted and the case was argued on October 2, 2018. Counsel for both parties indicated at the hearing that they expect a decision sometime in November or December of this year. There is little reason to think that an additional two-to-three month stay unfairly disadvantages Willis with respect to its patent-infringement claims or its attempt to add antitrust and unlawful-competition claims. With the new information that a decision is indeed on the horizon, the Court is even more convinced that keeping the stay in place until the Federal Circuit issues its ruling will not cause Willis to suffer undue prejudice. Leaving the stay in place this short period of time will also aid in simplification of the issues, prevent unnecessary duplication of effort, and conserve the resources of the parties and the Court.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Lift the Stay **[ECF No. 109]** is **DENIED**. Further, as noted in the Court's September 7, 2018 text only Order, because the Court has denied Plaintiff's request to lift the stay, the pending motion to amend the complaint **[ECF No. 115]** is deemed to be **WITHDRAWN WITHOUT PREJUDICE** to later refiling if and when the stay is eventually lifted.

Date: October 4, 2018      s/ *Katherine Menendez*
                                            Katherine Menendez
                                            United States Magistrate Judge