# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Willis Electric Co., Ltd. | Case No. 0:15-cv-3443-WMW-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Polygroup Limited (Macao Commercial Offshore), | |
| Defendant. | |

Pursuant to Local Rule 5.6, the parties filed a joint motion regarding continued sealing for documents filed under temporary seal in connection with the plaintiff Willis Electric Co., Ltd. ("Willis")'s motions to lift the stay and to amend the pleadings. (ECF Nos. 109, 115.) The parties agree that document entry 145 should be unsealed, but disagree regarding docket entries 147 and 149. The defendants, Polygroup Limited ("Polygroup") believe docket entries 147 and 149 should remain sealed, but Willis believes the documents should be unsealed. Having reviewed these documents, the Court concludes that the public interest in the right of access does not outweigh Polygroup's interest in the confidentiality of these two documents at this time. Accordingly, docket entries 147 and 149 should remain sealed.

Polygroup filed docket entries 147 and 149 in its opposition briefing of Willis's motions. Entry 147 is an email between counsel for Polygroup and Willis discussing the amendment of pleadings in another related case that is pending in the Western District of North Carolina. *See Polygroup Macau Ltd. v. Willis Elec. Co., Ltd.*, 3:15-cv-552 (W.D.N.C.). Entry 149 is the proposed Third Amended Answer and Counterclaims ("TAAC") that Willis—the defendant in that case—wanted to file. Contained within the email and the TAAC are new allegations against Polygroup. The TAAC also contains information regarding customers of both Polygroup and Willis, as well as the

bidding process used by Polygroup, Willis, and their competitors to attract those customers.

Willis's motion to lift the stay was denied and its motion to amend the complaint was deemed withdrawn without prejudice. (ECF No. 153.) The merits of the motion to amend the complaint were not reached in any way. Because the contested documents in this motion related to the motion to amend the complaint, they were not considered by the Court.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right of access "is fundamental to ensuring the public's confidence and trust in the judiciary." *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL No. 15-2666 (JNE/FLN), 2018 WL 2135016 at *2 (D. Minn. May 9, 2018). Local Rule 5.6 guides this Court's consideration of a motion to keep judicial documents under seal. Local Rule 5.6 emphasizes the "presumption that the public has a qualified right of access to material filed." *Id.* at *1; L.R.D. Minn. 5.6 Advisory Committee's notes (2017). However, the public's right of access is not absolute. Instead, competing interests—the party's interest in confidentiality and the public's interest in access—must be weighed against each other. *E.g.*, *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).

Here, the public's interest in access to judicial documents that were not considered by the Court is very weak. "In this circumstance, 'the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.'" *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In contrast, the currently sealed documents contain confidential and competitively sensitive information, which gives great weight to Polygroup's interest in keeping the documents sealed. Therefore, under the current circumstances, the Court concludes that Polygroup's interests in confidentiality outweigh the public's general interest in access to judicial documents.

Based on the Court's review of the entire record in this proceeding, the Court agrees that document 145 should be unsealed, and documents 147 and 149 should remain under seal. Accordingly, **the Clerk is directed to unseal the following document: ECF No. 145. The Clerk is directed to keep the following documents sealed: ECF Nos. 147 and 149.**

Date: October 16, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge