UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Willis Electric Co., Ltd., | Case No. 15-cv-3443- WMW-KMM |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S MOTION TO LIFT STAY [ECF No. 214] |
| Polygroup Limited, *et al.*, | |
| Defendants. | |

This patent-infringement case has been stayed since November 3, 2016, when the Court entered an Order adopting the parties' Joint Stipulation to Stay Proceedings Pending *Inter Partes* Review (also known as "IPR"). [Stay Order (Nov. 3, 2016), ECF No. 61; Stipulation, ECF No. 57.] The Stay Order provided that any party could move to lift the stay or for reconsideration of the Stay Order during the pendency of the IPR. [Stay Order ("This order does not foreclose any party from filing motions to lift the stay or to reconsider this order during the pendency of *inter partes* review.").] The plaintiff, Willis Electric Group Co., Ltd. ("Willis"), has filed four motions[1] to lift the stay, the last of which is now before the Court. [Pl.'s Mot. to Lift Stay, ECF No. 214.] The defendants, Polygroup Limited (Macao Commerical Offshore), Polygroup Macau Limited (BVI), and Polytree (H.K) Co. Ltd. (collectively "Polygroup") oppose Willis' motion to lift the stay.

The Court held a hearing on Willis's most recent motion to lift the stay on March 4, 2019, and heard extensive argument. The undersigned then issued a ruling from the bench lifting the stay for certain purposes. [Hr'g Mins., ECF No. 275.] This Order memorializes the Court's bench ruling.

As explained on the record at the hearing, several reasons justify lifting the stay at this point. The Federal Circuit's recent decision rejected several of Polygroup's invalidity contentions for some of the patents at issue, thereby ensuring that some

---

[1] Willis withdrew the third motion to lift the stay that it filed December 26, 2018. [ECF Nos. 167, 203.]

portion of this patent-infringement case will be going forward here. Polygroup requested that the stay be maintained until the Patent Trial and Appeal Board ("PTAB") resolves the remaining issues that the Federal Circuit remanded for further consideration. However, Polygroup did not persuasively articulate any reason that allowing this case to go forward for discovery purposes would present the same risk of wasted resources or other inefficiencies that were in play before the Federal Circuit's recent decision. Moreover, the stay in this case has already been quite lengthy, and further holding this litigation in abeyance only increases the risk that Willis could suffer harm that would not be compensable by money damages. Indeed, Willis made a more convincing showing in the context of this motion that the ongoing stay has created a risk of losing business from its most important customer. These circumstances sufficiently demonstrate undue burden so that the stay should be lifted. And finally, Willis has presented allegations regarding certain anti-competitive conduct in which it believes that Polygroup has engaged. Willis's anti-competitive claims do not depend on any administrative proceedings before the United States Patent and Trademark Office, and the Court sees no reason to further delay allowing Willis to make its motion to amend the complaint, should it ultimately choose to do so. For these reasons, the Court finds it appropriate to lift the stay in this matter.

Notwithstanding the foregoing, the Court lifts the stay for purposes of litigation surrounding amendment of the pleadings and for discovery, but not for all pretrial proceedings. The parties' patent-infringement dispute should not proceed to *Markman* briefing or other dispositive motions until matters have been more fully adjudicated by the PTAB. While the PTAB continues evaluating the patents at issue, engaging in the expensive and time-consuming endeavors surrounding claims construction and summary judgment would potentially waste both judicial resources and those of the parties. For now, holding off on such matters until the PTAB has made a decision, but allowing discovery to go forward in this case, is the most efficient way to proceed.

Consistent with the Court's bench ruling, **IT IS HEREBY ORDERED THAT** Willis's Motion to Lift the Stay **[ECF No. 214]** is **GRANTED** at this time. The parties are required to provide the undersigned with regular updates concerning the progress of the matters that are currently pending before the PTAB for the patents at issue as well as the results of their pending requests for panel rehearing and en banc consideration

by the Federal Circuit. Further, the parties must promptly meet and confer regarding the establishment of a new schedule in light of the Court's instructions. The parties shall submit a proposal to the undersigned for the adoption of a new schedule **on or before March 25, 2019**. If necessary, the Court will hold a telephonic status conference to discuss the appropriate next steps.

Date: March 5, 2019
               s/ *Katherine Menendez*
               Katherine Menendez
               United States Magistrate Judge