UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Willis Electric Co., Ltd.　　　　　　　　Case No. 0:15-cv-3443-WMW-KMM

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　ORDER

Polygroup Limited (Macao
Commercial Offshore), Polygroup
Macau Limited (BVI), Polytree (H.K.)
Co., Ltd.,

　　　　　Defendants.

---

　　　　This matter is before the Court on two Joint Motions Regarding Continued Sealing filed pursuant to District of Minnesota Local Rule 5.6. (ECF No. 330; ECF No. 338.) Both motions address the restricted status of the Second Amended Complaint and its exhibits. On May 1, 2019, Willis filed both a sealed version of the Second Amended Complaint without redactions (ECF No. 302), and a redacted version that is publicly available (ECF No. 303). Fifteen of the twenty-one exhibits Willis attached to the Second Amended Complaint were also filed under seal. One of the Joint Motions Regarding Continued Sealing asks the Court to decide whether the publicly available Second Amended Complaint should remain redacted or whether Willis can publicly file its unredacted version of the pleading and the fifteen exhibits at issue. (ECF No. 338.) The other Joint Motion Regarding Continued Sealing asks the Court to decide whether a Proposed Second Amended Complaint and a redline version of the same should be publicly available as well. (ECF No. 330.) Willis argues that the documents should be unsealed because they are judicial records to which the public has a presumptive right of access. Polygroup argues that the documents should remain sealed because they contain commercially and competitively sensitive business

1

information. For the reasons set forth below, the Court concludes that most, but not all, of the documents should be publicly available.

### Legal Standard

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013). This right of access is subject to limits, and a court evaluating whether a judicial record should remain sealed must weigh competing interests. *Id.* The court must evaluate the degree to which sealing would interfere with the interests served by public access and balance that against the legitimate interests served by maintaining confidentiality. *Id.* at 1223. When conducting this analysis, "'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts.'" *Id.* at 1224. In other words, the public's interest is stronger when the sealed items implicate a district court judge's exercise of Article III power in deciding a dispositive motion on the merits. *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781 (SRN/JSM), 2014 WL 12597948, at *8 (D. Minn. Oct. 14, 2014) ("[N]on-merits based motions (e.g. non-dispositive discovery motions), generally heard by magistrate judges (i.e. Article I judges), are afforded a lower or weaker presumption of public access than proceedings involving a district court judge's exercise of his or her Article III powers over the merits of the case and where the judge relied on those documents for merit-based decisions."), *aff'd*, No. 11-cv-2781 (SRN/JSM), 2015 WL 224705 (D. Minn. Jan. 15, 2015)).

### Analysis

Because both joint motions regarding continued sealing in this case ultimately concern the degree of public access that is appropriate for Willis's Second Amended Complaint and the attached exhibits, the first question is whether these documents are "judicial records" to which a presumption of public access applies. The Court readily finds that they are. *See IDT Corp.*, 709 F.3d at

1223 (noting "a modern trend in federal cases to treat pleadings in civil litigation ... as presumptively public, even when the case is pending before judgment"). These documents describe the basis for Willis's claims that Polygroup infringes its patents and has engaged in unlawful, anticompetitive activity. They are not materials filed in support of a non-dispositive motion with only a tangential bearing on the merits. *Krueger*, 2014 WL 12597948 at *4 (citing *Melaleuca, Inc. v. Bartholomew*, No. 12-cv-216, 2012 WL 5941690, at *1 (D. Idaho Nov. 27, 2012) ("The public does not have the same need for access to court records attached to non-dispositive motions because those records are often only tangentially related to the underlying suit.")).

The Second Amended Complaint and Exhibits G-U also directly implicate the exercise of the District Court Judge's exercise of her Article III powers. Polygroup has filed a motion to dismiss several claims from Willis's Second Amended Complaint for failure to state a claim. Specifically, Polygroup contends that Willis's newly added antitrust, tort, and common-law claims regarding alleged anticompetitive conduct should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (*See* ECF No. 333 (presenting Polygroup's arguments for dismissal of Willis's claims of anticompetitive conduct on the merits).) The Second Amended Complaint and its exhibits bear directly on the District Court's consideration of the merits of several of Willis's claim. As a result, the public's interest in having these materials available is strong.

Nevertheless, "[t]he presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Krueger*, 2014 WL 12597948, at *8 (citing *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 215 (D. Minn. 2012)). Polygroup asserts that its interests in maintaining secrecy of the information implicated by the Second Amended Complaint and Exhibits G-U outweigh the public's interest in having access to these judicial records because they contain Polygroup's "confidential, commercially sensitive and competitively sensitive business

information...."[1] (ECF No. 338 at 2.) As explained below, the Court concludes that Polygroup's interests in maintaining secrecy of these documents are outweighed by the public's strong interest in access.

There are 267 numbered paragraphs in the pleading; 81 of those are fully redacted and two are partially redacted. These redactions correspond to information found in Exhibits G–U. Those Exhibits, which form the basis of Willis's newly introduced claims that Polygroup engaged in anticompetitive activity, consist of email communications among Polygroup personnel and with another competitor in the artificial Christmas tree market. In its Second Amended Complaint, Willis alleges that these documents demonstrate the existence of an illegal anticompetitive agreement. Though the Court does not comment on the viability of Willis's claims or the strength of Polygroup's motion to dismiss, when the information in the exhibits and the Second Amended Complaint is read favorably to Willis's position, it is admittedly not particularly flattering for Polygroup. But the fact that communications may be unflattering does not warrant their sealing. The email chains and corresponding allegations in the Second Amended Complaint do not contain the type of commercially or competitively sensitive information for which continued sealing is appropriate. For example, neither the redacted paragraphs in the pleading or the email strings themselves include formulae, proprietary technical data, customer lists, or financial information that might warrant continued sealing. Meanwhile, Polygroup is asking the District Court to consider these materials and reach a decision whether they plausibly show that Polygroup engaged in prohibited conduct. Regardless of how the District Court rules, the public has an interest in

---

[1] Polygroup also argues that this Court "has already ruled that this information should remain under seal" when ruling on previous joint motions regarding continued sealing in this case. (ECF No. 338 at 2–3.) However, none of the previous joint motions regarding continued sealing have involved materials related to a merits-based motion like the pending motion to dismiss. Therefore, the Court's prior rulings offer scant guidance on the balancing test to be conducted here.

4

seeing the information so that citizens can "evaluate the reasonableness and fairness of [these] proceedings...." *IDT Corp.*, 709 F.3d at 1222.

For these reasons, the Joint Motion Regarding Continued Sealing concerning documents filed under temporary seal in connection with the Second Amended Complaint and Exhibits G–U **(ECF No. 338)** is **DENIED**. The Clerk's Office is directed to unseal the following documents within 28 days after the issuance of this Order unless a timely motion for further consideration is filed: **ECF Nos. 302, 311–324, 326.**

The Joint Motion Regarding Continued Sealing concerning documents filed under temporary seal in connection with the Stipulation to Filing of Second Amended Complaint (ECF No. 330) presents a different question. The stipulation and accompanying documents comprise a joint request that the Court adopt the parties' agreement that Willis could file an amended pleading pursuant to Federal Rule of Civil Procedure 15(a)(2), which allows a party to "amend its pleading with the opposing party's written consent." Neither the stipulation nor the Court's adoption of the parties' proposed order involved any consideration of the merits of any claims. Because no judge exercised decision-making judicial power, the public's interest in seeing these documents is weaker. Moreover, given the Court's ruling above and the nature of the temporarily sealed documents at issue in this Joint Motion, ordering them unsealed is unnecessary. The temporarily sealed documents include a proposed version of the Second Amended Complaint before it was officially filed and a redline version of the same showing the changes from the previous operative pleading. (ECF Nos. 295, 297.) Because the Court has ordered that the Second Amended Complaint itself be unsealed, along with the accompanying Exhibits G–U, unsealing the proposed pleading and the redline version is unnecessary. Accordingly, this Joint Motion **(ECF No. 330)** is **GRANTED** and the Clerk is directed to keep these documents sealed: **ECF Nos. 295, 297.**

     IT IS SO ORDERED

Date: June 24, 2019

                                                       *s/Katherine Menendez*
                                                       Katherine Menendez
                                                       United States Magistrate Judge