# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Willis Electric Co., Ltd., | Civil No. 0:15-3443-WMW-KMM |
|     Plaintiff, | |
| v. | |
| Polygroup Macao Limited, Polygroup Limited (Macao Commercial Offshore), Polygroup Macau Limited (BVI), Polytree (H.K.) Co. Ltd., | **ORDER** |
|     Defendants. | |

This matter is before the Court on Polygroup's Motion to Compel Invention Discovery from Plaintiff and Third-Parties John Fonder and Christensen, Fonder, Dardi & Herbert, PLLC. [ECF No. 491.] Generally, Polygroup's motion seeks to compel discovery regarding the date of invention for the patents in suit, which it asserts that Willis has either failed or refused to provide. In part, Polygroup's motion depends on whether Willis waived attorney-client privilege and, if so, the scope of the waiver.[1] The remaining issues in the motion concern discovery regarding the conception and reduction to practice, and similar issues, of the inventions embodied in the at-issue patents. In this Order, the Court resolves the waiver issue and orders the parties to take additional steps regarding the remaining invention discovery.

---

[1] Willis represents that Polygroup subsequently agreed to forego its motion to compel documents subpoenaed from Mr. Fonder and his law firm (collectively "CFDH"). Polygroup conditioned that agreement on CFDH's stipulation that it would not withhold subpoenaed documents on grounds of privilege if Polygroup prevails on issues of waiver. [*See* Pack Decl., Ex. 2 at 1, ECF No. 513.] The Court accepts the representation, and this Order compelling Willis to provide certain discovery based on waiver of attorney-client privilege should guide CFDH's response to Polygroup's subpoena.

1

**I.     Privilege Waiver**

Polygroup moves to compel discovery from Willis regarding the "invention story" for the '186 patent family,[2] some of which has been withheld based on attorney-client privilege. During the *inter partes* review ("IPR") proceedings in this case, Willis asserted that the invention embodied in the '186 patent family was conceived no later May 18, 2010, several months before Willis filed the relevant provisional patent application. Willis supported this claim with a brief declaration from its patent-prosecution attorney, Mr. Fonder. He stated:

> I have checked the records of my current law firm, and I have privileged communications regarding the invention [to which the '186 and '187 patents] claim priority. Although the privileged communications that I have on record are not complete due to a transfer of client records from my former law firm to my current law firm, the communications that I do have of record indicate an invention date at least as early as May 18, 2010.

[Forstner Decl., Ex. 3, ECF No. 495.] Johnny Chen, a Willis executive and the '186 patent family's inventor, confirmed that "[s]hortly after [he] came up with the idea and made some initial designs, [he] called [Mr. Fonder] and showed them to him." [*Id.*, Ex. 4.] Polygroup claims that Willis waived attorney-client privilege as a result of Mr. Fonder's IPR declaration.

**A. Waiver**

A party can waive attorney-client privilege when "the client relies on [privileged] communications during legal proceedings." *Milwaukee Elec. Tool Corp. v. Chevron N. Am. Inc.*, No. 14-CV-1289-JPS 2017 WL 2929522, at *1 (E.D. Wisc. July 10, 2017); *Acantha LLC v. DePuy Orthopaedics Inc.*, 2017 WL 5186376, at*5 (E.D. Wisc. Nov. 8, 2017) ("[A] party waives attorney-client privilege when it relies on privileged communications to establish its claim or defense."). Waiver occurs when a party takes an affirmative act that places privileged information at issue, but attempts to deny the

---

[2] The '186 patent family includes the '186, '187, '379, and '072 patents. Willis also alleges that Polygroup's products infringe on the '617 and '056 patents.

2

opposing party access to the information by asserting the privilege. *Medtronic, Inc. v. Intermedics, Inc.*, 162 F.R.D. 133, 135 (D. Minn. 1995).

      Against this backdrop, the Court concludes that Willis waived privilege by relying on Mr. Fonder's statements during IPR to establish an invention date. Willis claims that Mr. Fonder's declaration did not waive privilege because he revealed no privileged information. Willis compares the content of Mr. Fonder's IPR declaration to the limited information a party is required to disclose on a privilege log. But the reality is that Willis offered Mr. Fonder's opinion that the substance of privileged communications he had with Mr. Chen "indicate" a May 18, 2010 invention date.[3] [Forster Decl., Ex. 3.] Mr. Fonder's testimony regarding the earlier invention date is premised upon the contents of privileged communications with Mr. Chen, which he said he reviewed to draw his conclusions. Contrary to Willis's suggestion, Mr. Fonder did more than simply reveal the date of his communications; he also represented that the substance of those communications supported his conclusion that the invention date as at least as early as May 18, 2010. It would be unfair to allow Willis to disclose Mr. Fonder's opinion that was derived from privileged communications without giving Polygroup access to the materials he used to form that opinion. *Milwaukee Elec*, 2017 WL 2929522, at *1 ("Put simply, a privilege holder cannot be allowed, after disclosing as much as he pleases, to withhold the remainder.") (internal quotation marks omitted); *Friction Division Prods., Inc. v. E.I. Du Pont De Nemours & Co., Inc.*, 117 F.R.D. 535, 538 (D. Del. 1987) (concluding that the patentee waived attorney-client privilege by relying on the opinion of counsel that the date of the invention was earlier than originally alleged).

      Willis also argues that the Court should not find waiver because Willis informed Polygroup: (1) that Mr. Fonder "has an independent recollection of a meeting at which he

---

[3] Rule 26(b)(5) requires a party claiming privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." The privilege log submitted by CFDH in response to Polygroup's subpoena included this sort of information. [Pack Decl., Ex. 1.] However, CFDH's log does not include similar information to the opinion Mr. Fonder offered in his IPR declaration about the conclusions he drew based on the substance of privileged communications with Willis. The Court cannot recall having seen such an opinion on any party's privilege log.

determined that the inventions at issue in all of the patents-in-suit had been fully conceived by Mr. Chen"; and (2) that Fonder's "reference to privileged documents at issue in this case is limited to their use to provide a date by which that meeting occurred." [Willis Resp. at 7 (quoting Pack Decl., Ex. 12), ECF No. 512.] The Court is not persuaded. Whether Mr. Fonder has an independent recollection of the meeting or not, Willis has already relied in IPR proceedings on his opinion about a material issue in this case, and that opinion is based on his recollection and his review of privileged communications.[4] Presumably, Willis offered Mr. Fonder's testimony about what the substance of the privileged communications *indicates* because Willis considered such testimony to be more persuasive than if Mr. Fonder had simply testified that he met with Mr. Chen in May of 2010 to discuss development of patents. Indeed, establishing a date of conception generally requires evidence "of a definite and permanent idea of the complete and operative invention," and if a conception date is offered through oral testimony of an inventor, independent corroboration is needed. *Golden Bridge Tech., Inc. v. Appl Inc.*, 937 F. Supp. 2d 504, 517 (D. Del. 2013) (discussing requirements for proving conception and diligence). It would be unfair to allow Willis to offer Mr. Fonder's opinion about what the privileged communications show regarding the conception of the invention and deprive Polygroup of the opportunity to contest Willis's proof. *Friction Div. Prods.*, 117 F.R.D. at 538 ("[I]t would be manifestly unfair to allow FDP to make factual assertions, based on the Child investigation and Declaration, that the semi-metallic claims were invented between March and August 1980 and that PO11111 and PO10924 were written descriptions of the invention of the semi-metallic claims, and then deny DuPont an opportunity to uncover the foundation for those assertions in order to contradict them.").

For these reasons, the Court finds that Willis's reliance on Mr. Fonder's statement regarding the invention date in the IPR waived attorney-client privilege.

---

[4] As explained in *Spectralytics, Inc. v. Cordis Corp.*, 576 F. Supp. 2d 1030, 1041-43 (D. Minn. 2008), patentees may establish a date of conception for an invention that is earlier than the date of a patent application. If the patentee can show an invention was conceived earlier than the application date and the patentee was diligent in reducing the invention to practice, the patentee may be able to avoid the potential effect of certain prior art references invalidating its patent. Here, Willis and Polygroup continue to dispute the validity of Willis's patents based on prior art.

### B. Scope of Waiver

Although the Court finds that waiver occurred, the scope of that waiver is a separate question. The parties also disagree regarding the scope of Willis's waiver. "Waiver of attorney-client privilege generally applies to all other communications relating to the same subject matter." *Chrimar Sys., Inc. v Alcatel-Lucent USA, Inc.*, No. 6:15-cv-163-JDL, 2016 WL 11673959, at *1 (E.D. Tex. June 22, 2016). However, courts generally construe the scope of a waiver narrowly in patent cases. *Milwaukee Elec.*, 2017 WL 2929522, at *1. "There is no bright line test for determining what constitutes the subject matter of a waiver," which depends in each case on weighing "the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349-50 (Fed. Cir. 2005). However, courts determining the subject matter of a waiver should not "permit a party to 'rely on favorable legal opinions, but protect the communications on which those opinions depend.'" *Cormack v. United States*, 118 Fed. Cl. 39, 43 (Fed. Cl. 2014) (quoting *Fort James*, 412 F.3d at 1351).

Polygroup asserts that the scope of Willis's waiver should extend to all communications between Willis and patent-prosecution counsel regarding the conception and reduction to practice of the invention embodied in the '186 patent family.[5] Willis argues that, even if waiver is found, it should be limited to nothing more than the May 18, 2010 email referenced on the privilege log. The Court finds Polygroup's articulation of the scope of the waiver too broad under the circumstances and finds Willis's too narrow.

Mr. Fonder referenced privileged communications in his IPR declaration that indicate an earlier invention date and it is relevant that establishing an earlier conception of the invention was the purpose for which Willis submitted his declaration to the U.S. Patent and Trademark Office. *See Katz v. AT & T Corp.*, 191 F.R.D. 433, 441 (E.D. Pa. 2000) (taking into consideration not only the subject matter of the communication that was disclosed, but also the purpose for which it was offered in determining the scope of

---

[5] In Willis's response to Polygroup's motion, Willis misquotes Polygroup's brief, asserting that Polygroup seeks to compel all communications about the "prosecution and reduction to practice" of the patents. [Willis Resp. at 15.] The record belies this articulation of Polygroup's position. The Court will assume that Willis misquoted Polygroup's brief accidentally.

waiver). And Polygroup correctly points out that Mr. Fonder's statement regarding an "invention date" could be read to reference both conception of the invention and its reduction to practice. *See Golden Bridge Tech.*, 937 F. Supp. 2d at 517 (discussing requirements for proving conception and diligence). However, it is not clear that Mr. Fonder's opinion was intended to embody both conception and diligence in reduction to practice. Indeed, his IPR declaration makes no reference to diligence or reduction to practice at all.

  Accordingly, the Court finds that the subject matter of Willis's waiver of the attorney-client privilege extends to communications between Willis and its patent-prosecution counsel concerning the conception of the invention claimed in the '186 patent family. *See Lear Auto. Dearborn, Inc. v. Johnson Controls, Inc.*, No. 04-73461, 2006 WL 800740, at*1 (E.D. Mich. Mar. 28, 2006) (limiting the subject matter of waiver to the "date and content of conception of the [relevant] invention"). Because the purpose of subject-matter waiver is to prevent a party from making a selective disclosure of only those communications that might help its case, Willis's waiver includes not only communications that support Willis's proposed May 2010 conception or invention date, but communications that may undermine that invention story. Willis represents that Mr. Fonder based his declaration on a single May 18, 2010 e-mail which was included on the privilege log prepared in response to Polygroup's subpoena to him and his current firm. This email falls within the subject-matter of the waiver, but the Court's conclusion regarding waiver is by no means limited to that email alone. Indeed, Mr. Fonder's own recollections of the meeting or meetings with Mr. Chen are implicated as well, at least as they concerned the conception of the invention. It remains to be seen whether other communications exist that fall within the Court's determination of waiver and, therefore, must be disclosed.

  Finally, weighing the considerations of fairness in this case, the Court notes that there is no dispute that Mr. Fonder's disclosures during the IPR were made to establish a conception date for the inventions embodied in the '186 family of patents. Because "the issue of the conception date of an invention and its necessary elements is constrained to the time period prior to the filing of the application," the Court further limits the scope of the subject-matter waiver to privileged communications that occurred prior to the

September 2010 filing of the provisional patent application. *Katz v. AT & T Corp.*, 191 F.R.D. 433, 441 (E.D. Pa. 2000).

For these reasons, Polygroup's motion to compel invention discovery is granted in part to the extent described herein.

## II.     Remaining Issues

Aside from the privilege and waiver issues addressed above, the Court will hold the remaining issues raised in Polygroup's motion to compel in abeyance. Polygroup asserts that Willis failed to provide discovery to support its invention story regarding the '186 patent family and discovery regarding the '617 and '056 patents. In its response to the motion, Willis states that it recently discovered and agreed to produce a video and several photos, the metadata for which Willis claims corroborates an earlier invention date for the patents-in-suit. [Willis Resp. at 4-7, ECF No. 512.] It also appears that Willis intends to otherwise supplement its responses to document requests and interrogatories. However, it remains unclear the degree to which the more recent discovery provided and promised by Willis resolves the issues presented by Polygroup's motion.

The Court requires the parties to meet and confer regarding these additional issues raised in Polygroup's motion to compel invention discovery. If the parties agree that the issues other than the privilege question addressed above that Polygroup raised in its motion have been fully resolved, then they should promptly file a stipulation or letter indicating that no further Court intervention is necessary. If, on the other hand, the parties are unable to agree that the other issues Polygroup raised in its motion have been resolved, then each side must file a supplemental letter brief discussing the issues left for the Court to consider.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. **Before May 1, 2020**, the parties must meet and confer to discuss the issues raised in Polygroup's motion to compel invention discovery (other than the privilege-waiver issues discussed in Part I of this Order). If the parties agree that there are no issues left that require Court intervention, then the parties

shall file a stipulation or a joint letter indicating that the Court need not issue any further rulings with respect to Polygroup's motion.

2. If the parties do not agree that all remaining issues raised in Polygroup's motion have been resolved, then they must file supplemental letter briefs. Polygroup shall file any supplemental letter brief **on or before May 4, 2020**. Willis shall file any supplemental response **On or before May 8, 2020**. These supplemental letter briefs shall not exceed seven pages. Upon receipt of any supplemental briefing submitted pursuant to this Paragraph, the Court will determine whether a ruling on the remaining issues based on the written submissions alone is appropriate, whether to set a telephonic conference, or whether some other approach is necessary.

Date: April 22, 2020

    *s/Katherine Menendez*
    Katherine Menendez
    United States Magistrate Judge