UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Willis Electric Co., Ltd., | Case No. 15-cv-3443 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Polygroup Macau Ltd. (BVI) et al., | |
| Defendants. | |

This matter is before the Court on the appeal of Plaintiff Willis Electric Co., Ltd. (Willis Electric), (Dkt. 503), of the February 20, 2020 order of United States Magistrate Judge Katherine M. Menendez, (Dkt. 487), which denied in part Willis Electric's motion to compel discovery. For the reasons addressed below, the magistrate judge's February 20, 2020 order is affirmed.

## BACKGROUND[1]

Willis Electric and Defendants Polygroup Macau Limited (BVI), Polytree (H.K) Co. Ltd., and Polygroup Trading Limited are competitors in the field of artificial holiday trees. Although the parties conduct business in the United States, Willis Electric's principal place of business is in Taiwan and Defendants maintain principal places of business in the British Virgin Islands and Hong Kong. Willis Electric commenced this patent-infringement lawsuit in 2015, alleging that Defendants infringed and continue to

---

[1] Because this Court's prior orders, including the magistrate judge's orders, provide a detailed factual and procedural summary of this case, the Court refers only to the procedural history and facts relevant to this appeal.

infringe six of Willis Electric's United States patents pertaining to lighted artificial holiday trees.  Willis Electric subsequently amended its complaint to allege that Defendants also have engaged in anticompetitive conduct.

Willis Electric filed a motion to compel discovery on January 30, 2020.  As relevant here, Willis Electric's motion sought an order compelling Defendants to produce witnesses for depositions to occur in the United States.  Defendants opposed this request, arguing that eight of its employees who are based in Hong Kong or China should instead be deposed in Hong Kong.  The magistrate judge heard argument on Willis Electric's motion on February 13, 2020.  At that hearing, the magistrate judge denied Willis Electric's request as follows:

> My general order is that it is appropriate for these depositions to take place in Hong Kong.  I find that there is no reason and that specifically Willis hasn't shown a reason to upset that general rule, particularly given that Willis is also a company with headquarters in Asia.  Polygroup is a company with headquarters in Asia.  Even though the U.S. courts are the ones that honor this patent or fight for this patent, it's completely expected that these depositions are going to occur in Hong Kong or China.  And here it's not just that Hong Kong is convenient. I've been educated that Hong Kong makes specific sense.

Willis Electric argued that some of Defendants' witnesses regularly travel to the United States on business.  Acknowledging this possibility, the magistrate judge ordered that if any of Defendants' employees who have been noticed for a deposition "are traveling to the United States, they have to be deposed in the United States," but that "otherwise, I'm not requiring all of these witnesses to come to the United States for depositions."  The magistrate judge's ruling was memorialized in a written order on February 20, 2020.

When the magistrate judge issued her ruling in February 2020, the severity and scope of the COVID-19 pandemic was yet to be realized. The magistrate judge, however, addressed the potential impact of the pandemic on her ruling based on information available at that time:

> All right. Let's talk about the coronavirus. I think that it may be true that it's harder, less safe and less workable to go to China than to have people come from China to the United States. I don't know that that is at all true about Hong Kong. My ruling that these should take place in Hong Kong with the exception of those in the United States that I've . . . identified does not trump the CDC.
>
> So if in a month it turns out that you can't get to Hong Kong or that people from Hong Kong cannot get here for depositions either, we need to be cognizant of the fact that that might require flexibility or creativity, delay or video depositions, who knows? I'm hopeful that that's not going to be the case. I'm hopeful that Hong Kong continues to do business and that it continues to be a workable place for these depositions, but I'm very open to having phone calls to address this as a dynamic and prevalent issue in this case.

Willis Electric subsequently sought reconsideration of the magistrate judge's foregoing ruling. The magistrate judge held a telephonic hearing on March 3, 2020, during which the magistrate judge heard from the parties about whether the spread of the coronavirus required reconsideration of the prior ruling as to the location of depositions. The magistrate judge declined to revise her prior ruling, concluding that "[t]ravel from Hong Kong to the United States and from [the] United States to Hong Kong appear equally likely to be impacted by the virus." But the magistrate judge suggested that the parties "hit pause in the face of this pandemic and see what the next few weeks bring," and directed counsel "to be flexible and understanding about how and when to schedule

these depositions as the reality of the virus and its impact on international travel continue to evolve."

Willis Electric appeals the magistrate judge's February 20, 2020 order to the extent that it denies Willis Electric's motion to compel Defendants' employees based in China and Hong Kong to travel to the United States to be deposed.

## ANALYSIS

A district court applies an "extremely deferential" standard of review to a magistrate judge's ruling on a nondispositive issue. *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). In doing so, a district court will modify or set aside a ruling only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A ruling is clearly erroneous when, although there is evidence to support the ruling, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A ruling is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

The general rule is that the deposition of a corporation through its officers or agents should occur at the corporation's principal place of business. *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003); *accord* 8A Charles Allen Wright et al., *Federal Practice & Procedure* § 2112 (3d ed. 2020) ("The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of

business. This customary treatment is subject to modification, however, when justice requires." (footnotes omitted)). Similarly, "ordinary employees are subject to the general rule that a deponent should be deposed near his or her residence, or principal place of work." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 587 (D. Minn. 1999); *accord* Fed. R. Civ. P. 45(c)(1)(A) (providing that a subpoena may command a person to attend a deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person"). A district court has "great discretion in designating the location of taking a deposition." *Archer Daniels Midland Co.*, 187 F.R.D. at 588 (quoting *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975)). A district court's exercise of that discretion involves considering the facts and equities of the particular case. *Id.*

Willis Electric first argues that the magistrate judge abused her discretion by denying its motion to compel depositions to occur in the United States despite the ongoing COVID-19 pandemic. The Court is aware that the COVID-19 pandemic and its effects on travel, business, and litigation have rapidly evolved since the magistrate judge last ruled on this issue. Indeed, the circumstances have changed dramatically in the weeks since Willis Electric's pending appeal was briefed in March 2020. The magistrate judge acknowledged this reality when she advised the parties to remain flexible and to work with each other and seek updated guidance from the Court. There is no indication that the magistrate judge has been given an opportunity to address this evolving situation since last addressing the deposition issue in March 2020, and this Court declines to do so

in the first instance.[2]  As such, the Court limits its review of the magistrate judge's decisions to the facts and circumstances as they existed and were presented to the magistrate judge at the time of the challenged decisions.

The record reflects that during the February 13 and March 3 hearings, the magistrate judge considered the impact of the COVID-19 pandemic on the ability to depose witnesses in particular locations.  At both hearings, based on the information available at the time, the magistrate judge concluded that traveling from the United States to Hong Kong as opposed to traveling from Hong Kong to the United States would be, at best, equally impacted by the pandemic.  Nonetheless, the magistrate judge advised the parties to remain "flexible" and to revisit the issue with each other and with the Court "as the reality of the virus and its impact on international travel continue to evolve."  On this record, Willis Electric has not demonstrated that the magistrate judge abused her discretion in considering the impact of the COVID-19 pandemic on her decisions.  In light of the information available at the time, together with a district court's broad discretion in determining the location for depositions to occur, the denial of Willis Electric's motion to compel depositions to occur in the United States was neither clearly erroneous nor contrary to law on the basis of the COVID-19 pandemic.

Willis Electric also argues that the magistrate judge committed legal error by considering the respective locations of the *parties* rather than the respective locations of

---

[2]   On April 28, 2020, the magistrate judge granted the parties' joint motion to extend the fact-discovery deadline to August 1, 2020, in light of the COVID-19 pandemic. The magistrate judge's order does not, however, specifically address the location of depositions.

*counsel* when determining where depositions should occur. But the locations of the parties and the deponents are legally relevant to determining the location of a deposition. *See Dwelly*, 214 F.R.D. at 541; *Archer Daniels Midland Co.*, 187 F.R.D. at 587; *accord* Fed. R. Civ. P. 45(c)(1). Willis Electric provides no legal authority suggesting that it was erroneous for the magistrate judge to consider the respective locations of the parties and deponents, or that a court must compel depositions to occur at or near counsel's location.[3] Moreover, any significance as to the location of counsel is substantially diminished by the fact that the parties' respective counsel—including in-house counsel—are located in numerous geographic regions of the United States and Asia. For these reasons, Willis Electric has not demonstrated that the magistrate judge's denial of its motion to compel depositions to occur in the United States was either clearly erroneous or contrary to law on this basis.

Willis Electric also argues that the magistrate judge erred by failing to expressly consider other relevant factors, such as the size of the Defendants, the regularity of travel by Defendants' executives, the relationships between the parties, and the expense of conducting depositions in Hong Kong. Willis Electric provides no legal authority that suggests the magistrate judge was required to consider each of these factors, let alone

---

[3]   Willis Electric cites nonbinding authority suggesting several factors, including the location of counsel, that a district court *may* consider when deciding whether to deviate from the general rule that depositions should occur at a corporation's principal place of business or a deponent's place of residence. *See Webb v. Ethicon Endo-Surgery, Inc.*, No. 13-1947, 2014 WL 7685527, at *4 (D. Minn. Aug. 8, 2014). But Willis Electric cites no authority, binding or otherwise, suggesting that the specific factors referenced in *Webb* are either necessary or exhaustive, or that a district court commits legal error by failing to make express findings as to any particular factor.

make an express finding as to each factor. Nonetheless, the record reflects that the magistrate judge considered these factors, even if she did not do so expressly. The parties presented evidence and arguments as to these factors, and there is nothing in the record to suggest that the magistrate judge failed to consider the evidence or arguments of the parties. To the contrary, at the February 13, 2020 hearing, the magistrate judge expressly referenced the location of the parties and the deponents, the claims involved in this case, and the possibility that some deponents might travel to the United States on business. As such, it is apparent that the magistrate judge considered each of the factors identified by Willis Electric. That Willis Electric disagrees with the magistrate judge's decision in light of these factors does not render the decision an abuse of discretion. Willis Electric has not demonstrated that the magistrate judge's denial of its motion to compel depositions to occur in the United States was either clearly erroneous or contrary to law on this basis.

## ORDER

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the magistrate judge's February 20, 2020 order is **AFFIRMED**.

Dated: June 19, 2020

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge