UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Willis Electric Co., Ltd.,                                    Case No. 15-cv-3443 (JNE/DTS)

                              Plaintiff,

                                                              **ORDER**

        v.

Polygroup Limited et al,

                              Defendants.

---

This matter is before the Court on the issue of enhanced damages and Plaintiff Willis Electric Co., Ltd.'s ("Willis Electric") motion for prejudgment and post-judgment interest, (Dkt. 965). Following the jury verdict, the Court requested supplemental briefing on the issue of whether enhanced damages should be awarded based on the willful infringement finding. (Dkt. 952.) Defendants Polygroup Limited (Macao Commercial Offshore), Polygroup Macau Limited (BVI), Polytree (H.K.) Co. Ltd., Polygroup Trading Limited (collectively, "Defendants") submitted briefing in opposition to enhanced damages and in opposition to the motion for prejudgment and post-judgment interest. For the reasons addressed below, the Court declines to enhance the jury award and grants the motion for prejudgment and post-judgment interest.

**BACKGROUND**

Willis Electric filed this patent infringement action in 2015 alleging that Polygroup infringed various claims of several patents, including U.S. Patent No. 8,454,186 ('186 patent). Polygroup asserted defenses of non-infringement and invalidity of these patents.

After motion practice and inter partes review (IPR) proceedings challenging the validity of the asserted patents, *see*, *e.g.*, *Polygroup Ltd. MCO v. Willis Elec. Co., Ltd.*, 2021-1401, 2021-1402, 2022 WL 1183332 (Fed. Cir. Apr. 20, 2022), the sole claim tried to the jury was claim 15 of the '186 patent.

The jury trial commenced on January 8, 2024, before this Court.  On January 17, 2024, the jury returned a unanimous verdict finding that Polygroup willfully infringed claim 15 of the '186 patent.  The jury awarded $42,494,772 in damages.  Following the jury verdict, the Court requested supplemental briefing on the issue of whether enhanced damages should be awarded based on the willful infringement finding.  Also following the jury verdict, Willis Electric filed a motion for prejudgment and post-judgment interest.

## ANALYSIS

### I.     Willful Infringement and Enhanced Damages

#### A.     Legal Standard

The Court "may increase the damages up to three times the amount found or assessed."  35 U.S.C. § 284.  Enhanced damages are "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932, 195 L. Ed. 2d 278 (2016).  "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or — indeed — characteristic of a pirate."  *Id.*  Importantly, "[e]nhanced damages are generally only appropriate in egregious cases of misconduct."  *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017).

2

The decision to award enhanced damages is committed to the court's discretion. *Halo Elecs.*, 136 S. Ct. at 1934-35. In deciding whether to award enhanced damages, the court considers "the particular circumstances of the case to determine whether it is egregious." *Presidio Components*, 875 F.3d at 1383. Even in cases where the jury finds willful infringement, a court is not required to award enhanced damages. *Id.* at 1382.

Courts traditionally examine the *Read* factors in deciding whether to award enhanced damages: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992). The *Read* factors are "non-exclusive," but provide a structure to the Court's analysis. *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1244-45 & n.6 (Fed. Cir. 2017).

Several of the *Read* factors relate to issues "that were not before the jury and/or which the jury would not have been in a position to assess." *Idenix Pharms. LLC v. Gilead Scis., Inc.*, 271 F. Supp. 3d 694, 697 (D. Del. 2017). "Therefore, it is entirely appropriate, even required, for the Court to consider — based on its extensive familiarity with the entire course of this case, as well as what it observed a trial — where, notwithstanding the jury's verdict in favor of [Willis Electric], substantial contrary evidence was presented by

[Polygroup]." *Id.* Indeed, the Court cannot substitute its factual determination for a jury's willfulness finding. *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1311 (Fed. Cir. 2001). However, this does not prevent the Court from "observing where, as the case may be, there was also substantial evidence presented by the willful infringer, where the jury may have made findings that were not supported by the record, and where the jury heard no evidence and cannot be presumed to have made a particular finding." *Idenix Pharms.*, 271 F. Supp. 3d at 697.

**B.    Analysis**

The Court finds that, based on the totality of the circumstances, Polygroup did not engage in the type of egregious misconduct warranting enhanced damages under 35 U.S.C. § 284 and *Halo*. Enhanced damages are generally appropriate only in "egregious cases of misconduct beyond typical infringement." *Halo*, 136 S. Ct. at 1935; *see also Presidio Components*, 875 F.3d at 1382.

Willis Electric argues several factors from the *Read Corp.* test support increasing damages, including evidence suggesting Polygroup may have deliberately copied Willis Electric's patented "One Plug" artificial tree design, failed to form a good faith belief of non-infringement or invalidity, engaged in concerning litigation conduct, has substantial financial resources as the world's largest artificial tree company, and did not attempt to switch to a non-infringing alternative until 2019. 970 F.2d at 827. Willis Electric also cites the lengthy six-year infringement period and Polygroup's rule against writing emails about intellectual property (IP) issues.

However, Polygroup counters that it independently developed its initial "Quick Set" tree designs before seeing the One Plug tree, and that its engineers reasonably believed the Quick Set trees did not infringe and the patent was invalid over prior art such as the Loomis patent. Polygroup points to its pursuit of IPR challenges as evidence of its good faith invalidity position. Polygroup further argues that both parties litigated aggressively, that artificial trees are a minor product line, and that it lacked egregious motivations or clear concealment of evidence warranting enhanced damages.

The Court finds that Willis Electric's copying evidence, while concerning, does not definitively show egregious infringement. At most, the evidence indicates a company monitoring a competitor's anticipated patent and aggressively developing a competing product, not "wanton and malicious pirac[y]." *Halo*, 136 S. Ct. at 1932 (quoting *Seymour v. McCormick*, 57 U.S. 480, 488, 14 L. Ed. 1024 (1853)). The Court credits Polygroup's engineers' good faith belief in non-infringement and invalidity based on their analysis and IPR petitions. *See Presidio Components*, 875 F.3d at 1382-83 (noting courts need only "consider the particular circumstances of the case to determine whether it is egregious"). Willis Electric's litigation misconduct assertions do not clearly show extraordinary malfeasance. *See Halo*, 136 S. Ct. at 1932, 1934. And while the infringement duration was substantial, Polygroup's preemptive redesign efforts in 2019 mitigate against deeming this an egregious case. *See Read Corp.*, 970 F.2d at 827.

In sum, considering the totality of the circumstances, Polygroup's conduct does not constitute the type of willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or "characteristic of a pirate" behavior required for enhanced damages

under Section 284 and *Halo*.  136 S. Ct. at 1932.  The evidence fails to show the sort of egregious infringement behavior or "misconduct beyond typical infringement" contemplated in *Halo* that would mandate increasing the award here.  *Id.* at 1935; *see also Presidio Components*, 875 F.3d at 1382.  Accordingly, enhanced damages are denied.

## II.     Prejudgment Interest

"[P]rejudgment interest should ordinarily be awarded under [35 U.S.C.] § 284." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656, 103 S. Ct. 2058, 2063 (1983).  "In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement."  *Id.* at 655.  The Court has "wide latitude in the selection of interest rates."  *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991).  Section 284 does not specify the interest rate to be used, and "[a] variety of rates have been utilized by courts in patent cases, including statutory rates set by state statutes, the U.S. Treasury bill rate, the prime rate, the prime rate plus a percentage, and a rate on borrowed funds."  *Global Traffic Techs., LLC v. Emtrac Sys., Inc.*, 2014 U.S. Dist. LEXIS 57840, 2014 WL 1663420, at *15 (D. Minn. Apr. 25, 2014), *aff'd in part*, *rev'd in part on different grounds*, 620 F. App'x 895 (Fed. Cir. 2015).  "[C]ourts often use the statutory interest rate of the state in which they sit."  2014 U.S. Dist. LEXIS 57840, [WL] at *16.  Prejudgment interest is awarded from the date of infringement to the date of judgment.  *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988).

First, the Court must decide what interest rate should be used in calculating prejudgment interest.  Willis Electric requests that the Court award prejudgment interest of

10% pursuant to Minn. Stat. § 549.09.  Polygroup argues that Minn. Stat. § 334.01, providing a maximum interest rate of 6%, is the appropriate rate to apply.  Applying a rate of 6% results in interest amounts ranging between $1-4 million, depending on whether the Court applies simple or compounding interest.

Polygroup does not dispute that courts in the District of Minnesota have generally awarded interest at the 10% Minnesota statutory rate in patent cases over the last decade.  However, Polygroup argues that Minn. Stat. § 334.01 should govern here since prejudgment interest was otherwise allowed under federal patent law before Minn. Stat. § 549.09 was enacted.  Willis Electric counters that Minn. Stat. § 334.01 does not apply because damages were not readily ascertainable until determined by the jury at trial.

Second, the Court must consider whether any circumstances warrant limiting prejudgment interest.  Polygroup argues that such interest should be denied or reduced given Willis Electric's pursuit of frivolous claims and the excessive jury award.  Willis Electric contends that Polygroup fails to prove the required undue delay or prejudice for limiting interest.

Considering the parties' arguments and precedent in this District regarding prejudgment interest in patent cases, the Court finds that the 10% Minnesota statutory rate is most appropriate to apply here.  *Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11-820, 2018 U.S. Dist. LEXIS 127732, 2018 WL 3621206, *22-23 (D. Minn. July 30, 2018); *August Tech. Corp. v. Camtek, Ltd.*, No. 05-1396, 2015 U.S. Dist. LEXIS 15017, 2015 WL 520546, at *8 (D. Minn. Feb. 9, 2015).  Courts routinely award interest at the

Minn. Stat. § 549.09 rate in patent infringement cases, and Polygroup has not presented sufficiently compelling reasons to depart from this standard practice.

While Polygroup cites Minn. Stat. § 334.01 and argues damages were ascertainable, the record indicates significant disputes existed between the parties' damages experts regarding applicable theories, comparable licenses, and reasonable royalty rates. This supports that damages were not readily ascertainable until determined by the jury verdict. Therefore, Minn. Stat. § 549.09 and its 10% rate governs.

In addition, Polygroup fails to prove the undue delay or prejudice needed to limit prejudgment interest. The record instead reflects reasonable diligence by Willis Electric in pursuing and prosecuting its infringement claims. Much of the "delay" Polygroup complains of was either necessitated by court schedules or resulted directly from Polygroup's own IPR challenges. Polygroup offers no concrete evidence of corresponding prejudice tied to these case events.

As such, the Court concludes that Willis Electric is entitled to prejudgment interest at the 10% Minnesota statutory rate based on the $42,494,772 reasonable royalty damages awarded by the jury. Accrued interest shall be calculated from June 4, 2013 through the date of final judgment.

## III.   Post-Judgment Interest

The Court must decide how much post-judgment interest to award Willis Electric. Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." "Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury

yield . . . for the calendar week preceding the date of judgment."  28 U.S.C. § 1961(a).

Post-judgment interest applies to both the amount awarded in damages and prejudgment

interest.  *See Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co.*, 735 F.3d 993,

1008 (8th Cir. 2013) (citing *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1338 (8th Cir.

1991)).

In its motion, Willis Electric requested post-judgment interest at the rate of 4.8%,

based on the Treasury yield for the week prior to its filing on January 31, 2024.  The

judgment in this case has not yet been entered.  Thus, consistent with Section 1961(a), the

appropriate post-judgment interest rate will be the weekly average 1-year Treasury yield

for the week preceding the Court's entry of judgment.

The Court grants Willis Electric's motion for post-judgment interest at the weekly

average Treasury yield rate, to be calculated from the date judgment is entered until

satisfaction.  This post-judgment interest shall apply to the total judgment amount,

including prejudgment interest, and any fee and cost awards.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.       Plaintiff Willis Electric's reasonable royalty damages of $42,494,772 awarded by the jury shall not be enhanced.

2.       Plaintiff Willis Electric's Motion for Prejudgment and Post-Judgment Interest, (Dkt. 965), is **GRANTED**.

   a.       The Court's judgment order, to be entered following this order, shall include the order that Willis Electric is awarded $42,494,772 in reasonable royalty damages, plus prejudgment interest calculated at the 10% Minnesota statutory rate from June 4, 2013 through the date of final judgment.

   b.       The Court's judgment order, to be entered following this order, shall also include the order that Willis Electric is entitled to post-judgment interest at the weekly average 1-year Treasury rate, accruing from the date of entry of judgment until the judgment is satisfied.

Dated:  March 8, 2024                          s/Joan N. Ericksen
                                               Joan N. Ericksen
                                               United States District Judge