UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Willis Electric Co., Ltd., | Case No. 15-cv-3443 (JNE/DTS) |
| Plaintiff, | **ORDER** |
| v. | |
| Polygroup Limited et al, | |
| Defendants. | |

This matter comes before the Court on Defendants Polygroup Limited (Macao Commercial Offshore), Polygroup Macau Limited (BVI), Polytree (H.K.) Co. Ltd., and Polygroup Trading Limited's (collectively, "Defendants" or "Polygroup") motion to stay execution of the judgment without posting a supersedeas bond, or alternatively, with a partial bond equivalent to 10% of the judgment. (Dkt. 1018.) Plaintiff Willis Electric Co., Ltd. ("Willis Electric") opposes the motion, arguing that Defendants should be required to post a bond for the full amount of the judgment plus 10% for post-judgment interest, costs, and damages for delay. For the reasons addressed below, the Court grants Defendants' motion to stay execution of the judgment, conditioned upon Defendants posting a supersedeas bond as specified in this order.

## BACKGROUND

Willis Electric filed this patent infringement action in 2015 alleging that Polygroup infringed various claims of several patents, including U.S. Patent No. 8,454,186. Polygroup asserted defenses of non-infringement and invalidity of these patents. After

motion practice and inter partes review proceedings challenging the validity of the asserted patents, *see*, *e.g.*, *Polygroup Ltd. MCO v. Willis Elec. Co., Ltd.*, 2021-1401, 2021-1402, 2022 WL 1183332 (Fed. Cir. Apr. 20, 2022), the sole claim tried to the jury was claim 15 of the '186 patent.

The jury trial commenced on January 8, 2024 before this Court. On January 17, 2024, the jury returned a unanimous verdict finding that Polygroup willfully infringed claim 15 of the '186 patent. The jury awarded $42,494,772 in damages.

On March 11, 2024, the Court entered judgment against Polygroup for $71,478,449.76, which included the jury's damages award plus pre-judgment interest. On April 10, 2024, Polygroup filed a motion to extend the stay of execution on the judgment without posting a supersedeas bond or, alternatively, with a partial bond equivalent to 10% of the judgment. Willis Electric filed its opposition to Polygroup's motion on April 15, 2024, arguing that Polygroup should be required to post a bond for the full amount of the judgment plus 10% for post-judgment interest, costs, and damages for delay.

**ANALYSIS**

The issue before the Court is whether to grant Polygroup's motion to stay execution of the judgment without posting a supersedeas bond or, alternatively, with a partial bond equivalent to 10% of the judgment. Polygroup argues that the cost of obtaining a bond for the full judgment amount would be "exorbitant" and "wasteful," particularly given its status as a foreign entity. In opposition, Willis Electric contends that Polygroup should be required to post a bond for the full amount of the judgment plus 10% for post-judgment

interest, costs, and damages for delay, asserting that Polygroup has not met its burden to demonstrate extraordinary circumstances justifying a waiver or reduction of the bond.

Rule 62(b) of the Federal Rules of Civil Procedure allows for a stay of execution of a judgment pending appeal if the party seeking the stay posts "a bond or other security." Fed. R. Civ. P. 62(b).  The purpose of a supersedeas bond is to "secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Adams v. Toyota Motor Corp.*, No. 10-CV-2802 (ADM/JSM), 2015 WL 3742898, at *19 (D. Minn. June 15, 2015).  Courts in this District generally require the bond to be set "in the full amount of the judgment plus interests, costs, and damages for delay." *Adzick v. Unum Life Ins. Co. of Am.*, No. 99-CV-808 (JRT/FLN), 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003).

In the appropriate circumstances, however, the Court may waive the bond requirement. *New Access Commc'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005).  The burden is on the party seeking the waiver to demonstrate that such a departure is warranted by addressing the following five factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after appeal; (3) the degree of confidence that the debtor has sufficient funds to pay the judgment; (4) whether the debtor's ability to pay is so plain that the cost of the bond would be a waste of money; and (5) whether the debtor is in such a precarious financial position that posting a bond would jeopardize other creditors. *Kelley v. BMO Harris Bank N.A.*, No. 19-cv-1756 (WMW), 2022 WL 17496033, at *1 (D. Minn. Dec. 8, 2022).

Here, Polygroup argues that the cost of obtaining a bond for the full judgment amount would be "exorbitant" and "wasteful," particularly given its status as a foreign entity. However, the Court finds that Polygroup has not met its burden to demonstrate extraordinary circumstances justifying a waiver or reduction of the bond.

First, Polygroup did not address the complexity of the collection process. As a foreign entity with no U.S. bank accounts, executing the judgment against Polygroup is likely to involve significant discovery, garnishment procedures, and turnover orders, among other complex proceedings. Second, Polygroup provided no information about the estimated duration of the appeal process, which is relevant to assessing the risk of insolvency during that time. Third, while Polygroup asserts that the bond premium is burdensome, it has not provided any evidence regarding its overall financial condition or ability to pay the judgment. Polygroup's CFO stated that the company can obtain a bond for the full judgment amount, which undercuts the argument that the cost is prohibitive. Fourth, given the lack of evidence about Polygroup's finances, the Court cannot conclude that its ability to pay is so plain that the cost of the bond would be a waste of money. Finally, Polygroup has not identified any other creditors or argued that posting a bond would jeopardize their interests.

The Court is mindful of the additional challenges Polygroup faces as a foreign entity in securing a bond. However, these challenges do not rise to the level of extraordinary circumstances that would justify waiving the bond entirely or reducing it to a mere 10% of the judgment. The 1.5% premium Polygroup was quoted for the bond is within the normal

4

range for supersedeas bonds, and without more information about Polygroup's financial situation, the Court cannot conclude that this cost is unduly burdensome.

Given the substantial amount of the judgment and the importance of securing it against the possibility of Polygroup's insolvency during the appeal process, the Court finds that a bond for the full amount of the judgment plus 10% for post-judgment interest, costs, and damages for delay is necessary. *See Adzick*, 2003 WL 21011345, at *1; *see Kelley v. BMO Harris Bank N.A.*, 19-cv-1756 (WMW), 2023 WL 4740927, at *1 (D. Minn. Jul. 25, 2023).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to stay execution of the judgment, (Dkt. 1018), is **GRANTED**, conditioned upon Defendants posting a supersedeas bond as specified below.

2. Under Rule 62, Fed. R. Civ. P., Defendants shall post with the Clerk of Court a supersedeas bond in the amount of $78,626,294.74, representing the judgment of $71,478,449.76 plus 10%.

3. The stay shall remain in effect until the Court resolves Defendants' post-trial motion and, if necessary, through the pendency of any appeal, provided the bond remains in place.

Dated:  April 17, 2024

s/Joan N. Ericksen  
Joan N. Ericksen  
United States District Judge